UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

TERRELL BODDIE,                                      :
                                                     :
                           Plaintiff,                :          14CV7961(SAS)
                                                     :
            - against -                              :     AMENDED COMPLAINT AND
                                                     :      DEMAND FOR JURY TRIAL
THE CITY OF NEW YORK, BRADLEY KUCYK,                 :
ANGEL VELEZ, JUSTIN HARTIGAN, ANTHONY                :          ECF CASE
JOHNSON, MATTHEW ST. DENIS, MILLICENT                :
SEMPER, and JOHN O'CONNELL Individually              :
and in Their Official Capacities,                    :
                                                     :
                           Defendants                :
------------------------------------------------------------------x

        Plaintiff, by his attorneys, MICHELSTEIN & ASSOCIATES, PLLC, complaining of the

defendants, alleges:

## NATURE OF THE ACTION

        1. This is a civil rights action to redress the defendants' violation of the rights accorded

to plaintiff Terrell Boddie by the Civil Rights Act of 1871, 42 U.S.C. §1983, by the Constitution of

the United States, including the Fourth, Fifth and Fourteenth Amendments, and by the laws of the

State of New York.

        2. Plaintiff Terrell Boddie is a citizen of the United States who was lawfully present on

W. 119th Street, New York, New York, on September 14, 2013, when the individual defendants,

who were New York City Police Officers, accosted the plaintiff, demanded his identification,

punched him in the face, physically seized him, struck him in the face again, arrested him on false

criminal charges of Resisting Arrest, Attempted Tampering with Physical Evidence, and Promoting

Gambling in the Second Degree, transported him to the 28th Precinct, and subsequently transported

him to Manhattan Central Booking, where he was imprisoned until his arraignment the following

day, and instituted a criminal proceeding against him in the Criminal Court of the City of New York, County of New York, which was dismissed on February 3, 2014.

3. The defendants' actions were unlawful, and the plaintiff brings this action seeking compensatory and punitive damages.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court is invoked pursuant to the Constitution of the United States, 28 U.S.C. §§1331, 1343(3) and (4), and 42 U.S.C. §§1983 and 1988, in that this is an action seeking to redress the violation of plaintiff Terrell Boddie's constitutional and civil rights, and 28 U.S.C. §1367(a), in that the state and federal claims arise from a common nucleus of operative facts such that they are so related that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and (c) in that all of the events which give rise to the claim occurred within the jurisdiction of the United States District Court for the Southern District of New York, defendants Bradley Kucyk, Angel Velez, Justin Hartigan, Anthony Johnson, Matthew St. Denis, Millicent Semper and John O'Connell can be found within the Southern District of New York, and defendant The City of New York is a municipal corporation located in the Southern District of New York which is subject to personal jurisdiction in the Southern District of New York.

## PARTIES

6. Plaintiff Terrell Boddie is a citizen of the Untied States who resides in the County of Bronx, City and State of New York.

7. Defendant The City of New York is, and at all times relevant herein was, a municipal corporation created under the laws of the State of New York.

8. At all times relevant herein, defendant The City of New York maintained a police department.

9. Defendant Bradley Kucyk is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

10. At all times relevant herein, defendant Bradley Kucyk was acting within the scope of his employment by defendant The City of New York.

11. Defendant Angel Velez is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

12. At all times relevant herein, defendant Angel Velez was acting within the scope of his employment by defendant The City of New York.

13. Defendant Justin Hartigan is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

14. At all times relevant herein, defendant Justin Hartigan was acting within the scope of his employment by defendant The City of New York.

15. Defendant Anthony Johnson is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

16. At all times relevant herein, defendant Anthony Johnson was acting within the scope of his employment by defendant The City of New York..

17. Defendant Matthew St. Denis is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

18. At all times relevant herein, defendant Matthew St. Denis was acting within the scope of his employment by defendant The City of New York..

19. Defendant Millicent Semper is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

20. At all times relevant herein, defendant Millicent Semper was acting within the scope of his employment by defendant The City of New York.

21. Defendant John O'Connell is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

22. At all times relevant herein, defendant John O'Connell was acting within the scope of his employment by defendant The City of New York..

23. At all times relevant herein, defendants Bradley Kucyk and Angel Velez were dressed in plain clothes.

24. At all times relevant herein, defendants Justin Hartigan, Anthony Johnson, Matthew St. Denis, Millicent Semper and John O'Connell, were dressed in plain clothes.

**NOTICE OF CLAIM**

25. On April 16, 2014, and within 90 days of the accrual of his cause of action for malicious prosecution, plaintiff Terrell Boddie served on the Comptroller of the City of New York a Notice of Claim setting forth the time when, the place where and the manner in which his claims arose.

26. Plaintiff Terrell Boddie's motion to extend his time to serve a Notice of Claim with respect to his claims for assault and battery and false imprisonment was granted by an order of New York Supreme Court Justice Kathryn Freed dated July 15, 2014, which deemed the plaintiff's Notice of Claim to have been timely served *nunc pro tunc*.

27.  More than thirty days have elapsed since the plaintiff's Notice of Claim was served upon defendant The City of New York and said defendant has neglected and/or refused to make an adjustment or payment.

## STATEMENT OF CLAIMS

28.  Plaintiff incorporates by reference paragraphs 1 through 27 of this complaint as though the same were set forth fully herein.

29.  On September 14, 2013, plaintiff Terrell Boddie was lawfully present on W. 119th Street in the borough of Manhattan, City and State of New York.

30.  On September 14, 2013, at approximately 9:30 p.m., defendant Bradley Kucyk, who was dressed in plain clothes, approached the plaintiff and demanded his identification.

31.  When plaintiff Terrell Boddie attempted to remove his identification from his pocket, defendant Angel Velez, who also was dressed in plain clothes, directed the plaintiff to remove his hand from his pocket.

32.  Defendant Angel Velez punched plaintiff Terrell Boddie in the side of his face.

33.  Following this battery, plaintiff Terrell Boddie moved around a parked car to avoid further assault and battery by defendant Angel Velez.

34.  Defendants Justin Hartigan, Anthony Johnson, Matthew St. Denis, Millicent Semper and John O'Connell then seized plaintiff Terrell Boddie.

35.  Defendants Justin Hartigan, Anthony Johnson, Matthew St. Denis, Millicent Semper and/or John O'Connell violently pulled plaintiff Terrell Boddie's right arm behind his back.

36.  While plaintiff Terrell Boddie was being held by defendants Justin Hartigan, Anthony Johnson, Matthew St. Denis, Millicent Semper and John O'Connell, defendant Angel Velez again struck the plaintiff in the face.

37.  Defendant Bradley Kucyk subsequently punched plaintiff Terrell Boddie on the side of the plaintiff's head.

38.  One of the individual defendants then handcuffed plaintiff Terrell Boddie.

39.  The individual defendants arrested plaintiff Terrell Boddie on charges of Resisting Arrest, Attempted Tampering with Evidence, and Promoting Gambling in the Second Degree.

40.  The charges of Resisting Arrest, Attempted Tampering with Evidence and Promoting Gambling in the Second Degree were false.

41.  The defendants did not have a warrant or other legal process authorizing the arrest of plaintiff Terrell Boddie.

42.  Plaintiff Terrell Boddie was then placed in a police vehicle and transported to the 28th Precinct, where he was imprisoned for a period of time.

43.  Plaintiff Terrell Boddie was subsequently transported to Manhattan Central Booking, where he continued to be imprisoned.

44.  On information and belief, on September 14 or September 15, 2013, defendant Bradley Kucyk falsely informed an Assistant District Attorney in the office of the New York County District Attorney that plaintiff Terrell Boddie had thrown dice against stairs in front of 78 W. 119th Street and then appeared to throw the dice in the direction of a parked car, and subsequently balled his fists. held his arms in front of his body and flailed his arms and legs when the individual defendants attempted to handcuff him.

45.  On September 15, 2013, defendant Bradley Kucyk instituted a criminal proceeding against plaintiff Terrell Boddie in the Criminal Court of the City of New York, County of New York, under Docket No. 2013NY071234, accusing the plaintiff of the crimes of Resisting Arrest, Attempted Tampering with Physical Evidence, and Promoting Gambling in the Second Degree.

46.  On September 14, 2013, plaintiff Terrell Boddie was arraigned before a judge in the Criminal Court of the City of New York, County of New York, and was released in his own recognizance.

47.  On February 3, 2014, the criminal proceeding instituted by defendant Bradley Kucyk against plaintiff Terrell Boddie was dismissed on motion of the District Attorney.

**COUNT ONE**
**USE OF EXCESSIVE FORCE UNDER 42 U.S.C. §1983**

48.  Plaintiff incorporates by reference paragraphs 1 through 47 of this complaint as though the same were set forth fully herein.

49.  Defendants Bradley Kucyk, Angel Velez, Justin Hartigan, Anthony Johnson, Matthew St. Denis, Millicent Semper and John O'Connell used excessive and unreasonable force against plaintiff Terrell Boddie.

50.  The level of force used by defendants Bradley Kucyk, Angel Velez, Justin Hartigan, Anthony Johnson, Matthew St. Denis, Millicent Semper and John O'Connell against plaintiff Terrell Boddie was objectively unreasonable.

51.  Defendants Bradley Kucyk, Angel Velez, Justin Hartigan, Anthony Johnson, Matthew St. Denis, Millicent Semper and John O'Connell acted in concert in the use of excessive force against plaintiff Terrell Boddie and/or could have intervened to stop the use of excessive force..

52.  The use of excessive force by defendants Bradley Kucyk, Angel Velez, Justin Hartigan, Anthony Johnson, Matthew St. Denis, Millicent Semper and John O'Connell deprived plaintiff Terrell Boddie of his right to be secure in his person.

53.  Defendants Bradley Kucyk, Angel Velez, Justin Hartigan, Anthony Johnson, Matthew St. Denis, Millicent Semper and John O'Connell were acting under color of state law when

they used excessive force against plaintiff Terrell Boddie.

54.   Defendants Bradley Kucyk, Angel Velez, Justin Hartigan, Anthony Johnson, Matthew St. Denis, Millicent Semper and John O'Connell deprived plaintiff Terrell Boddie of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by using excessive force against him.

55.   As a result of the defendants' use of excessive force, plaintiff Terrell Boddie sustained physical injury, to wit, a partial tear of the rotator cuff of the right shoulder, traumatic subacromial impingement, subscapularis tear with incarcerating intraarticular flap and undersurface tear of the supraspinatus at the greater tuberosity of the right shoulder, and numerous abrasions and contusions of the body, and was required to undergo surgery to repair the injury to his right shoulder.

56.   As a result of the defendants' use of excessive force, plaintiff Terrell Boddie experienced pain, physical and emotional distress, hardship and anxiety.

## COUNT TWO
## FALSE IMPRISONMENT UNDER 42 U.S.C. §1983

57.   Plaintiff incorporates by reference paragraphs 1 through 56 of this complaint as though the same were set forth fully herein.

58.   The  seizure, arrest, and imprisonment of plaintiff Terrell Boddie by defendants Bradley Kucyk, Angel Velez, Justin Hartigan, Anthony Johnson, Matthew St. Denis, Millicent Semper and John O'Connell were made without any warrant or other legal process directing or authorizing his seizure, arrest, or imprisonment.

59.   The seizure, arrest, and imprisonment of plaintiff Terrell Boddie were made without probable cause to believe that he had committed a crime or offense.

60.  The charges upon which defendants Bradley Kucyk, Angel Velez, Justin Hartigan, Anthony Johnson, Matthew St. Denis, Millicent Semper and John O'Connell arrested plaintiff Terrell Boddie were false.

61.  The charges were made by defendants Bradley Kucyk, Angel Velez, Justin Hartigan, Anthony Johnson, Matthew St. Denis, Millicent Semper and John O'Connell against plaintiff Terrell Boddie with knowledge that they were false.

62.  Plaintiff Terrell Boddie was aware of his seizure, arrest and imprisonment by defendants Bradley Kucyk, Angel Velez, Justin Hartigan, Anthony Johnson, Matthew St. Denis, Millicent Semper and John O'Connell.

63.  Plaintiff Terrell Boddie did not consent to his seizure, arrest or imprisonment.

64.  Defendants Bradley Kucyk, Angel Velez, Justin Hartigan, Anthony Johnson, Matthew St. Denis, Millicent Semper and John O'Connell acted in concert in the unconstitutional arrest of plaintiff Terrell Boddie and/or could have intervened to stop the arrest.

65.  As a result of the foregoing, plaintiff Terrell Boddie was deprived of his liberty, was imprisoned, was subjected to mental and physical distress, and suffered embarrassment and humiliation.

66.  The seizure, arrest and imprisonment of plaintiff Terrell Boddie deprived him of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment and his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States.

67.  Defendants Bradley Kucyk, Angel Velez, Justin Hartigan, Anthony Johnson, Matthew St. Denis, Millicent Semper and John O'Connell were acting under color of state law when they seized, arrested and imprisoned plaintiff Terrell Boddie.

68.   Defendants Bradley Kucyk, Angel Velez, Justin Hartigan, Anthony Johnson, Matthew St. Denis, Millicent Semper and John O'Connell deprived plaintiff Terrell Boddie of his rights to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment and his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by seizing, arresting and imprisoning him on false criminal charges.

**COUNT THREE**
**MALICIOUS PROSECUTION UNDER 42 U.S.C. §1983**

69.   Plaintiff incorporates by reference paragraphs 1 through 68 of this Complaint as though the same were set forth fully herein.

70.   The criminal charges brought by defendant Bradley Kucyk against plaintiff Terrell Boddie in the Criminal Court of the City of New York, County of New York, were false.

71.   Defendant Bradley Kucyk instituted the criminal proceeding against plaintiff Terrell Boddie with knowledge that the charges were false.

72.   Defendant Bradley Kucyk instituted the criminal proceeding against plaintiff Terrell Boddie without probable cause to believe that plaintiff Terrell Boddie had committed the crimes charged.

73.   Defendant Bradley Kucyk was acting with malice when he commenced the criminal proceeding against plaintiff Terrell Boddie.

74.   The criminal proceeding instituted by defendant Bradley Kucyk against plaintiff Terrell Boddie was terminated in plaintiff Terrell Boddie's favor.

75.   Defendant Bradley Kucyk was acting under color of state law when he falsely informed an Assistant District Attorney in the office of the New York County District Attorney that plaintiff Terrell Boddie had thrown dice against stairs in front of 78 W. 119th Street and then appeared to throw the dice in the direction of a parked car, and subsequently balled his fists. held his arms in front of his body and flailed his arms and legs when the individual defendants attempted to handcuff him.

76.   Defendant Bradley Kucyk was acting under color of state law when he commenced a criminal proceeding against plaintiff Terrell Boddie in the Criminal Court of the City of New York.

77.   Defendant Bradley Kucyk deprived plaintiff Terrell Boddie of his right to be secure in his person from unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States. under color of state law, in violation of 42 U.S.C. §1983, by commencing a criminal proceeding against plaintiff Terrell Boddie on false charges

78.   Defendant Bradley Kucyk deprived plaintiff Terrell Boddie of his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by commencing a criminal proceeding against plaintiff Terrell Boddie on false charges.

79.   As a result of the criminal proceeding instituted by defendant Bradley Kucyk, plaintiff Terrell Boddie was greatly humiliated, was subjected to mental and physical distress, and was exposed to public ridicule, scorn, humiliation and embarrassment.

## COUNT FOUR
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

80.   Plaintiff incorporates by reference paragraphs 1 through 79 of this Complaint as

though the same were set forth fully herein.

81.   The acts of excessive force against plaintiff Terrell Boddie complained of were carried out by the individual defendants in their capacities as police officers and employees of defendant The City of New York, with all the actual and/or apparent authority attendant thereto.

82.   The acts of excessive force against plaintiff Terrell Boddie complained of were carried out by the individual defendants in their capacities as police officer pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

83. Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of employing excessive force against individuals in violation of the Fourth Amendment and the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States.

84. The aforesaid customs, policies, usages, practices, procedures, and rules of defendant The City of New York include, but are not limited to, the following:

(a)   Defendant The City of New York failed properly to train police officers in the standards for appropriate and inappropriate use of force against individuals consistent with the requirements of the Fourth and Fourteenth Amendments of the Constitution of the United States;

(b)   Defendant The City of New York failed properly to supervise police officers during the performance of their duties, and more particularly during encounters with members of the public;

(c)   Defendant The City of New York failed properly to monitor the conduct of its police officers to determine if its police officers were following proper standards for use of force against members of the public consistent with the requirements of the Fourth and Fourteenth Amendments of the Constitution of the United States;

(d)   Defendant The City of New York failed to discipline police officers for employing excessive force against members of the public.

85.  The failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

86.  The use of excessive force by defendants Bradley Kucyk, Angel Velez, Justin Hartigan, Anthony Johnson, Matthew St. Denis, Millicent Semper and John O'Connell against plaintiff Terrell Boddie resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the standards of appropriate and inappropriate use of force against members of the public.

87.  Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice for police officers to use excessive force against members of the public.

88.  Defendant The City of New York deprived plaintiff Terrell Boddie of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of using excessive force against members of the public.

89.  The aforesaid conduct of defendant The City of New York violated plaintiff Terrell Boddie's rights under 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments of the Constitution of the United States.

## COUNT FIVE
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

90.  Plaintiff incorporates by reference paragraphs 1 through 89 of this Complaint as though the same were set forth fully herein.

91. The seizure, arrest and imprisonment of plaintiff Terrell Boddie were carried out by defendants Bradley Kucyk, Angel Velez, Justin Hartigan, Anthony Johnson, Matthew St. Denis, Millicent Semper and John O'Connell in their capacities as police officers and employees of defendant The City of New York, with all the actual and/or apparent authority attendant thereto.

92. The seizure, arrest and imprisonment of plaintiff Terrell Boddie were carried out by defendants Bradley Kucyk, Angel Velez, Justin Hartigan, Anthony Johnson, Matthew St. Denis, Millicent Semper and John O'Connell in their capacities as police officers pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

93. Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of arresting persons on insufficient evidence in violation of the Fourth Amendment and the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.

94. The aforesaid customs, policies, usages, practices, procedures, and rules of defendant The City of New York include, but are not limited to, the following:

    (a) Defendant The City of New York failed properly to train police officers in the standards for probable cause for the warrantless seizure and arrest of individuals consistent with the requirements of the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States;

    (b) Defendant The City of New York failed properly to train police officers in the circumstances under which probable cause exists for the warrantless arrest of an individual;

    (c) Defendant The City of New York failed properly to supervise police officers during the performance of their duties, and more particularly during warrantless arrests;

    (d) Defendant The City of New York failed properly to monitor arrests made by its police officers to determine if its police officers were following

proper standards for probable cause for the warrantless seizure and arrest of individuals consistent with the requirements of the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States;

(e)  Defendant The City of New York failed to discipline police officers for making warrantless arrests where probable cause for an arrest did not exist.

95.  The failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

96.  The seizure, arrest and imprisonment of plaintiff Terrell Boddie on false criminal charges resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the standards of probable cause and the requirements for warrantless arrests.

97.  Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice for police officers to make warrantless arrests without probable cause.

98.  Defendant The City of New York deprived plaintiff Terrell Boddie of his right to be free of unreasonable searches and seizures guaranteed by the Fourth Amendment and his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing properly to train its police officers in the standards for warrantless arrests and the standards of probable cause.

99.  The aforesaid conduct of defendant The City of New York violated plaintiff Terrell Boddie's rights under 42 U.S.C. §1983 and the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States.

## COUNT SIX
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

100.  Plaintiff incorporates by reference paragraphs 1 through 99 of this Complaint as though the same were set forth fully herein.

101.  Upon information and belief, at all times relevant herein, defendant The City of New York was aware from Notices of Claim, lawsuits, claims filed with the New York City Police Department and the Civilian Complaint Review Board, and from the New York City Police Department's own observations, that defendants Bradley Kucyk, Angel Velez, Justin Hartigan, Anthony Johnson, Matthew St. Denis, Millicent Semper and John O'Connell were unfit, ill tempered police officers who have the propensity to commit the acts alleged herein.

102.  Upon information and belief, defendant The City of New York failed adequately to investigate prior complaints against these and other officers.

103.  The failure of defendant The City of New York properly to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

104.  Defendant The City of New York knew, or should have known, that as a direct result of this policy, practice and/or custom, the Constitutional rights of the plaintiff would be violated.

105.  Defendant The City of New York implemented, enforced, encouraged, sanctioned and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard for the civil rights of individuals, and more particularly, the civil rights of plaintiff Terrell Boddie.

106.   Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of failing adequately to investigate complaints against police officers for violating civil rights and to take appropriate remedial action.

107.   Defendant The City of New York deprived plaintiff Terrell Boddie of his rights to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment, and his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing adequately to investigate complaints against police officers and to take appropriate remedial action to prevent further violations of the civil rights of members of the public.

## COUNT SEVEN
## COMMON LAW ASSAULT AND BATTERY

108.   Plaintiff incorporates by reference paragraphs 1 through 107 of this Complaint as though the same were set forth fully herein.

109.   Defendants Angel Velez and the City of New York committed an assault and battery on the person of plaintiff Terrell Boddie by punching the plaintiff in the face.

110.   As a result of the foregoing, plaintiff Terrell Boddie was injured.

111.   As a result of the foregoing, plaintiff Terrell Boddie experienced pain, physical and emotional distress, hardship and anxiety.

## COUNT EIGHT
## COMMON LAW ASSAULT AND BATTERY

112.   Plaintiff incorporates by reference paragraphs 1 through 111 of this Complaint as though the same were set forth fully herein.

113. Defendants Angel Velez and the City of New York committed an assault and battery on the person of plaintiff Terrell Boddie by punching the plaintiff in the face a second time while the plaintiff was being held by defendants Justin Hartigan, Anthony Johnson, Matthew St. Denis, Millicent Semper and John O'Connell.

114. As a result of the foregoing, plaintiff Terrell Boddie was injured.

115. As a result of the foregoing, plaintiff Terrell Boddie experienced pain, physical and emotional distress, hardship and anxiety.

**COUNT NINE**
**COMMON LAW ASSAULT AND BATTERY**

116. Plaintiff incorporates by reference paragraphs 1 through 115 of this Complaint as though the same were set forth fully herein.

117. Defendants Bradley Kucyk and the City of New York committed an assault and battery on the person of plaintiff Terrell Boddie by punching the plaintiff while he was being held by defendants Justin Hartigan, Anthony Johnson, Matthew St. Denis, Millicent Semper and John O'Connell.

118. As a result of the foregoing, plaintiff Terrell Boddie was injured.

119. As a result of the foregoing, plaintiff Terrell Boddie experienced pain, physical and emotional distress, hardship and anxiety.

**COUNT TEN**
**COMMON LAW FALSE IMPRISONMENT**

120. Plaintiff incorporates by reference paragraphs 1 through 119 of this Complaint as though the same were set forth fully herein.

121. Defendants Bradley Kucyk, Angel Velez, Justin Hartigan, Anthony Johnson, Matthew St. Denis, Millicent Semper and John O'Connell and The City of New York falsely

imprisoned plaintiff Terrell Boddie by seizing, arresting and imprisoning him on false charges of Resisting Arrest, Attempted Tampering with Physical Evidence, and Promoting Gambling in the Second Degree.

122.  As a result of the foregoing, plaintiff Terrell Boddie was deprived of his liberty, was imprisoned, was subjected to mental and physical distress, and suffered embarrassment and humiliation.

**COUNT ELEVEN**
**COMMON LAW MALICIOUS PROSECUTION**

123.  Plaintiff incorporates by reference paragraphs 1 through 122 of this complaint as though the same were set forth fully herein.

124.  Defendants Bradley Kucyk and The City of New York maliciously prosecuted plaintiff Terrell Boddie on false charges of Resisting Arrest, Attempted Tampering with Physical Evidence, and Promoting Gambling in the Second Degree..

125.  As a result of the criminal proceeding instituted by defendants Bradley Kucyk and The City of New York, plaintiff Terrell Boddie was subjected to mental and physical distress and was exposed to public ridicule, scorn, humiliation and embarrassment.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff Terrell Boddie respectfully requests that this Court grant the following relief:

A.  Award plaintiff Terrell Boddie compensatory damages to be determined by the jury at the time of trial;

B.  Award plaintiff Terrell Boddie punitive damages to be determined by the jury at the time of trial;

C.  Award plaintiff Terrell Boddie reasonable attorneys' fees and costs, including the fees and costs of experts, incurred in prosecuting this action; and

D.  Grant such further relief as the Court deems necessary and proper.

## JURY TRIAL DEMANDED

The plaintiff requests a jury trial on all questions of fact raised by his Complaint.

Dated: New York, New York
     February 4, 2015

MICHELSTEIN & ASSOCIATES, PLLC

By: _____
    (Steven D. Michelstein (SM3323)
Attorneys for Plaintiffs
485 Madison Avenue - Suite 1300
New York, New York 10022
malaw485@yahoo.com
(212) 588-0880